**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS**

| | |
|---|---|
| Himoinsa Power Systems, Inc. ) | |
| ) | |
| and ) | |
| ) | |
| HIMOINSA S.L. ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-CV-2601 CM/DJW |
| ) | |
| Power Link Machine Co., Ltd. ) | |
| ) | |
|     Defendant. ) | |

**Complaint**

COMES NOW PLAINTIFFS, Himoinsa Power Systems, Inc. of Lenexa, Kansas U.S.A. (Himoinsa USA), a wholly owned subsidiary of HIMOINSA S.L. of San Javier, Murcia, Spain (Himoinsa Spain) (jointly and separately referred to herein as "Himoinsa"), for its Complaint against Defendant Power Link Machine Co., Ltd of Songjiang District, Shanghai, China ("Power Link"), and alleges as follows:

**Jurisdiction and Venue**

1. Plaintiff Himoinsa USA is a Kansas corporation having its principal place of business at 16210 West 110th Street, Lenexa, Kansas 66219-1312 USA.

2. Plaintiff Himoinsa Spain is a Sociedad de Responsabilidad Limitada (a Spanish limited company) having its principal place of business at Carretera de. Murcia a San Javier, Km. 23.600, 30730 Murcia, Spain.

3. Upon information and belief, Defendant Power Link Chinese limited company having a principal place of business at No.576, Guanghua Road, Xiaokunshan Shanghai, China.

1

4.      This is an action for trademark and trade dress infringement, false designation of origin, and unfair competition, arising under the Lanham Act, 15 U.S.C. § 1125, and the statutory and common law of the State of Kansas.

5.      This court has jurisdiction over the subject matter of the complaint pursuant to 15 U.S.C. § 1121, 28 U.S.C. 1331, 1332, 1338(a), and over the unfair competition cause of action under 28 U.S.C. § 1338(b). and 28 U.S.C § 1367.

6.      This court has personal jurisdiction over Power Link.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), (b), (c), and (d).

## Facts Common to All Counts

### Himoinsa's Background

7.      For over twenty-five years, Himoinsa has manufactured and sold motorized industrial and aquatic equipment, which includes electrical generators globally.  Himoinsa's products and services are of the highest quality and are recognizable across the globe.

8.      Himoinsa owns a United States federal trademark registration (Reg. No. 2,971,963) which was filed in 2003 and registered on July 19, 2005.

9.      Himoinsa actively and prominently promotes its goods and services in Kansas, both within and without the United States under the trademark HIMOINSA, HIPOWER, YOUR PARTNER FOR POWER, HIPOWER GENERATING SETS and the HIMOINSA Logo (as further described below), (collectively the "HIMOINSA Trademarks") in its advertisements, including, but not limited to, brochures, business cards, trade shows, online advertisements and print advertisements including industry periodicals and newspapers.

10.     Himoinsa also promotes its goods and services with a design mark that serves as its logo. The Himoinsa Logo is a visual depiction of HH in a white font within a blue circle. Himoinsa

actively and prominently promotes its goods and services in Kansas and the United States using the Himoinsa Logo and thus has established substantial goodwill associated with the Himoinsa Logo.

11. Himoinsa goods incorporate a distinctive design or overall appearance or configuration which has features which have been used for a number of years and which identify, at least within the minds of its purchasers, that Himoinsa is the source of the goods and is distinguishable from the products of others and thus has established substantial goodwill associated with the Himoinsa Design including within this judicial district.

12. The Himoinsa design includes the shape, color combination and overall appearance of the goods, including but not limited to a distinctive configuration and having arcuate edges, which are non functional if, taken as a whole, are not essential to the product's use or purpose or does not affect the cost or quality of the product even though certain elements may be functional.

13. The Himoinsa design is unique and/or distinctive in that as a whole they convey a visual impression in the mind of the relevant consumer which is recognizable.

14. Himoinsa has used the Himoinsa Design, Himoinsa Logo and Himoinsa marks for an extensive amount of time. Himoinsa has expended substantial amounts of money promoting the Himoinsa Design, Himoinsa Trademarks and the Himoinsa Logo (collectively referred to herein as the "Himoinsa Marks"). As such, they serve to identify Himoinsa as the source of goods and services bearing such.

**Power Link's Conduct**

15.     Defendant Power Link started doing business at least as early as 1996. Power Link's goods are identical or nearly identical to those of Himoinsa. For instance, Power Link sells electrical generators for industrial applications. Power Link's products, however, are less expensive and are of lower quality.

16.     Power Link has actively and prominently promoted its goods in Kansas and in and outside the United States using a design, mark and logo in all of its advertisements, including, but not limited to, brochures, business cards, trade shows, online advertisements and print advertisements including industry periodicals and newspapers.

17.     Power Link has adopted, used and is using a visual indicia for its products, consisting of white markings within a blue circle ("Power Link Circle"). Power Link actively and prominently promotes its goods in Kansas and within and without the United States using the Power Link Circle.

18.     Power Link has adopted and used a design for its products, consisting of an enclosure having a similar configuration and including arcuate edges ("Power Link Design"). Power Link actively and prominently promotes its goods in Kansas and the United States using its Power Link Design.

19.     Because of the aforementioned similarities between Himoinsa and Power Link, Himoinsa sent Power Link a letter to try to amicably resolve the matter. Power Link, however, responded to Himoinsa's letter, admitting that Power Link has sold its products globally; that Power Link has negatively affected Himoinsa's business and will not negotiate towards resolving this matter.

### **Count 1 –Federal Trademark Infringement**

20. Himoinsa incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

21. Power Link's adoption and use of the stylized logo on identical goods is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Power Link's goods are manufactured, authorized or distributed by Himoinsa or are associated or connected with Himoinsa, or have the sponsorship, endorsement or approval of Himoinsa.

22. Power Link has used confusingly similar stylized logos of Himoinsa's federally or internationally registered marks in violation of 15 U.S.C. § 1114, and Power Link's activities have caused and, unless enjoyed by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally injury to Himoinsa's goodwill and reputation as symbolized by Himoinsa's federally and internationally registered marks, for which Himoinsa has no adequate remedy at law.

23. Power Link's actions demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Himoinsa's federally registered marks to Himoinsa's great and irreparable injury.

24. Power Link has caused and is likely to continue causing substantial injury to the public and to Himoinsa, and Himoinsa is entitled to injunctive relief and impoundment and destruction of Power Link's infringing products and to recover actual damages, Power Link's profits, enhanced profits and damages, costs and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116, 1117, 1118.

## Count 2 – Federal Unfair Competition
## 15 U.S.C. § 1125

25. Himoinsa incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

26. Himoinsa has and currently uses its Himoinsa marks to identify it as the source of their industrial equipment, including electrical generators.

27. Power Link's unlicensed and unauthorized goods and services have caused and are likely to cause confusion, deception, and mistake by creating the false and misleading impression that Power Link's goods and services are manufactured or distributed by Himoinsa or are associated or connected with Himoinsa, or have the sponsorship, endorsement or approval of Himoinsa.

28. Power Link has made false representations, false descriptions, and false designations of origin in violation of 15 U.S.C. §§ 1125(a), including, but not limited to, Power Link's commercial and promotional use of Himoinsa's marks, or confusingly similar imitations thereof. Power Link's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Himoinsa's good will and reputation, for which Himoinsa has no adequate remedy at law.

29. Power Link's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Himoinsa to the great and irreparable injury of Himoinsa.

30. Power Link's conduct has caused, and is likely to continue causing, substantial injury to the public and to Himoinsa, and Himoinsa is entitled to injunctive relief and impoundment and destruction of Power Link's infringing products and to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

## Count 3 – Common Law Trademark Infringement and Unfair Competition
## 15 U.S.C. § 1125

31.     Himoinsa incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

32.     Himoinsa has and currently uses the Himoinsa marks to identify it as the source of their industrial equipment, including electrical generators.

33.     As a result of the facts alleged above, Himoinsa has developed a family of marks that are closely associated with and are an indication of source of origin of the goods sold and services rendered by Himoinsa. The family of marks as used by Himoinsa has acquired a substantial and favorable reputation and goodwill in connection with the goods and services offered by Himoinsa relating to its industrial equipment, including electrical generators.

34.     Power Link's adoption and use of the Power Link Circle to identify its goods constitutes use of a copy and colorable imitation of Himoinsa's Logo, and is likely to cause confusion, mistake, or to deceive the purchasing public into believing that the goods of Power Link emanate from the same source of the goods and services provided by Himoinsa, or that there is some connection, sponsorship, or affiliation between the goods of Power Link and Himoinsa.

35.     Power Link's adoption and use of a confusingly similar design in connection with its electrical generators constitutes use of a copy and colorable imitation of Himoinsa's Logo, and is likely to cause confusion, mistake, or to deceive the purchasing public into believing that the goods of Power Link emanate from the same source of the goods and services provided by Himoinsa, or that there is some connection, sponsorship, or affiliation between the goods of Power Link and Himoinsa.

36.     Power Link's adoption and use of the Power Link Circle has caused actual consumer confusion as to the sponsorship, or affiliation of Power Link's goods and services.

37.     Power Link's adoption and use of the Power Link Circle is likely to cause consumer confusion as to the sponsorship, or affiliation of Power Link's goods.

38.     Upon information and belief, the continued and unauthorized use by Power Link of the confusingly similar marks in advertising is likely to and is intended to cause confusion or mistake or to deceive as to the affiliation, connection or association of Power Link with Himoinsa or the possible origin, sponsorship or approval of Power Link's goods by Himoinsa.

39.     Upon information and belief, Power Link's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Himoinsa, and to pass off their goods as those of Himoinsa, to the great and irreparable injury of Himoinsa.

40.     Power Link's use of the Power Link Circle is a misrepresentation that Power Link is affiliated with Himoinsa, which constitutes unfair competition with Himoinsa.

41.     Power Link is continuing and upon information and belief is likely to continue its course of unfair competition, to the irreparable damage of Himoinsa, and in consequence thereof, unless Power Link is restrained and enjoined Himoinsa will suffer further and irreparable damage for which Himoinsa has no full and adequate remedy at law.

## Count 4 – Trade Dress Infringement
## 15 U.S.C. § 1125

42.   Himoinsa incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

43.   Himoinsa's Design in connection with its electrical generators is distinctive and recognizable such that the products made, marketed and sold bearing such is inherently distinctive and thus protected under 15 U.S.C. 1125.

44.   Himoinsa's Design is recognizable to the public and trade and through substantial and continuous efforts has acquired a secondary meaning and thus protected under 15 U.S.C. 1125.

45.   Power Link makes, markets and/or sells electrical generators that are identical to or at least deceptively similar to those made, marketed and sold by Himoinsa.

46.   By virtue of Power Link's conduct as recited herein, including its use of marks and trade dress on and in connection with its industrial equipment as printed on its advertising, promotion and rendering of its goods and services, constitutes trade dress infringement in that the Power Link electrical generators contain the same distinctive features and is likely to cause confusion, to cause mistake, or to deceive others as to the affiliation, connection, or association of Power Link with Himoinsa, or as to the origin, sponsorship, approval of their goods, services and commercial activities with Himoinsa and constitutes a violation of 15 U.S.C. § 1125(a).

47.   Upon information and belief, such conduct is willful and intentional with the purpose of misleading the public into believing that the goods of Power Link are in some way sponsored by, affiliated with, or connected to the goods previously provided by Himoinsa under its Himoinsa marks, all of which are contrary to fact.

48.     Upon information and belief, such conduct of Power Link is ongoing and will continue to the irreparable damage to Himoinsa, unless enjoined by the court, whereby Himoinsa is without a full and adequate remedy at law.

## Count 5 – False Designation of Origin
## 15 U.S.C. § 1125

49.     Himoinsa incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

50.     Power Link's conduct as recited herein, including its use of Himoinsa marks and trade dress on and in connection with its industrial equipment as printed on its advertising, promotion and rendering of its goods and services, constitutes a false designation of origin in that the use of the Power Link Circle in connection with the goods and services of Power Link, is likely to cause confusion, to cause mistake, or to deceive others as to the affiliation, connection, or association of Power Link with Himoinsa, or as to the origin, sponsorship, approval of their goods, services and commercial activities with Himoinsa and constitutes a violation of 15 U.S.C. § 1125(a).

51.     Upon information and belief, such conduct is willful and intentional with the purpose of misleading the public into believing that the goods and services of Power Link are in some way sponsored by, affiliated with, or connected to the goods and services previously provided by Himoinsa under the Himoinsa Marks, all of which are contrary to fact.

52.     Upon information and belief, such conduct of Power Link is ongoing and will continue to the irreparable damage to Himoinsa, unless enjoined by the court, whereby Himoinsa is without a full and adequate remedy at law.

### Count 5 – Unfair Competition Under Kansas Common Law

53.     Himoinsa USA incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

54.     Power Link's conduct constitutes unfair competition under the common law of Kansas by a deliberate course of conduct, all without authorization, license, privilege or justification.

55.     Power Link's actions constitute unfair competition under Kansas law, which unfair competition has caused injury to plaintiff.

### Prayer for Relief

WHEREFORE, Himoinsa requests a jury trial on all claims so triable and pray that:

a.  Power Link and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through, or under authority from Power Link, or in concert or participation with Power Link, be enjoined permanently from:

   i. Using any service mark, trademark, name, design, color scheme, trade dress, or any source designation of any kind, either alone or in association with other terms, on or in connection with Power Link's industrial equipment including its electrical generators or other goods or services, or the goods or services of any entity with which Power Link is associated or affiliated, that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to or dilutive of Himoinsa's trademarks, service marks, trade dress, names, logos, or color schemes;

      ii. Using any trademark, service mark, name, logo, design, color scheme or source designation of any kind, either alone or in association with other terms, on or in connection with Power Link's industrial equipment or other goods or services, or the goods or services of any entity with which Power Link is associated or affiliated, that is likely to cause confusion, mistake, deception or public misunderstanding that such goods or services are produced or provided by Himoinsa, or are sponsored, authorized by or in any way connected or related to Himoinsa; and

      iii. Passing off; palming off, or assisting in passing off or palming off, electrical generators or other goods or service or any entity with which Power Link is affiliated or associated, as those of Himoinsa or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

      iv. Falsely designating the origin of Power Link's goods and services.

b. Power Link be ordered to recall any products found to infringe or violate Himoinsa's rights which have been made, shipped or sold by Power Link, or under their authority, to any customer including, but not limited to, any wholesaler, distributor, representative, consignor or marketer, and also to deliver to each such customer a copy f this Court's order as it related to said injunctive relief against Power Link;

c. Power Link be ordered to deliver up for impoundment and for destruction all electrical generators, tags, enclosures, printed materials including, but not limited to, labels, tags, signs, brochures, advertisements or other materials in the possession, custody, or under the control of Power Link or under the control of Power Link that

are found to infringe any of Himoinsa's Marks or that otherwise unfairly compete with Himoinsa and their products or services;

d. Power Link be compelled to account to Himoinsa for any and all profits derived by Power Link for products found to violate Himoinsa's rights, and to pay damages to Himoinsa for the acts forming the basis of this Complaint;

e. Based upon Power Link's intentional use of Himoinsa Marks or colorable imitations thereof on or in association with industrial equipment including electrical generators and intentional effort to pass off Power Link's products, Himoinsa be awarded enhanced profits and trebled and punitive damages;

f. Power Link be required to pay to Himoinsa the costs of this action and their reasonable attorney's fees;

g. Power Link be required to pay prejudgment and post judgment interest on any monetary award; and

h. Himoinsa have such other and further relief as the Court may deed just.

### Designation of Place of Trial

Plaintiffs hereby designate Kansas City, Kansas as the place of trial of the above-styled matter.

### Request for Jury Trial

Plaintiffs hereby request trial by jury of the above-styled matter.

Dated: December 3, 2008

Respectfully submitted,


*/Arthur K. Shaffer/*_____

Arthur K. Shaffer, #20609
INTELLECTUAL PROPERTY CENTER, LLC
9233 Ward Parkway
Suite 100
Kansas City, Missouri  64114
(816) 363-1555 telephone
(816) 363-1201 facsimile


Attorney for plaintiffs
Himoinsa Power Systems, Inc. and
HIMOINSA, S.L.

14