# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HIMOINSA POWER SYSTEMS, INC. et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     **Case No. 08-2601-MLB** |
| POWER LINK MACHINE CO., LTD, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

This case was referred to the undersigned judge for case management of "limited discovery" concerning the sufficiency of service of process. (Doc. 31, 35, & 36).[1] The parties' initial views concerning the scope of discovery necessary to resolve this preliminary jurisdictional question were conflicting; therefore, the court directed counsel to confer and submit a supplemental report concerning the areas of agreement and disagreement. The parties' status report (Doc. 39) and defendant's supplemental report (Doc. 40) have now been filed and the rulings concerning jurisdictional discovery are set forth below.

---

[1] Accordingly, the court's rulings concerning the scope of discovery are limited to the narrow issue of service of process.

## Background

Himoinsa manufactures and sells electrical generators worldwide.[2]  Power Link, a Chinese company, also sells and manufactures electrical generators.  Highly summarized, Himoinsa alleges that Power Link uses a logo and trade dress similar to that utilized by Himoinsa in violation of 15 U.S.C. § 1114 (federal trademark infringement) and 15 U.S.C. § 1125 (federal unfair competition, common law trademark infringement and unfair competition, & trade dress infringement).  Plaintiff also asserts that Power Link's actions constitute unfair competition in violation of Kansas common law.

Power Link moves to dismiss based on (1) insufficient service of process and (2) the absence of personal jurisdiction over Power Link.  (Doc. 11).  The service of process argument originates from Power Link's attendance and product display at a trade show in Florida in December 2008 and Himoinsa's claim that the summons and complaint were personally served on both Mr. Patrick Wang (Power Link's Overseas Sales Manager) and Mr. Han Som (Power Link's Regional Sales Manager).  Power Link disputes that the documents were personally handed to Mr. Wang or Mr. Som and also argues that Mr. Wang and Mr. Som were not officers or general managers for purposes of service of process under

---

[2]

Plaintiff Himoinsa Power Systems, Inc. is a Kansas corporation with its principal place of business in Lenexa, Kansas.  Plaintiff Himoinsa, S.L.'s principal place of business is in Spain.  For editorial clarity, the court adopts the parties' practice of referring to the two as a singular party named "Himoinsa."

Florida Statute Annotated (hereafter "F.S.A.") 48.081(1).[3]

Himoinsa seeks discovery to ascertain the roles and functions of the personnel at the trade show in order to establish that Mr. Wang and Mr. Som fall under the "general manager" category mentioned in F.S.A. 48.081(1). Himoinsa alternatively argues that if Mr. Wang and Mr. Som were **not** officers or general managers, service was proper under F.S.A. 48.081(2) because they were "agents transacting business for [Power Link] in [Florida]."

The issue of whether Power Link was "transacting business" in Florida for purposes of F.S.A. 48.081(2) is based on a determination of (1) whether Power Link had sufficient

---

[3]

Florida statutes concerning service of process are in play because service is alleged to have occurred in Florida and FRCP 4(e)(1) allows for service pursuant to state law "where the district court is located *or where service is made.*" FRCP 4(e)(1) is applicable to a corporation, partnership or association pursuant to FRCP 4(h)(1)(A).

F.S.A. 48.081(1) and (2) provide:

**Service on corporation.**

(1) Process against any private corporation, domestic or foreign, may be served:

(a) On the president or vice president, or other head of the corporation;

(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;

(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

"minimum contacts" with Florida and (2) whether the cause of action arises out of those contacts with Florida.  Doc. 31, p. 2, citing <u>Youngblood v. Citrus Associates of New York Cotton Exchange, Inc.</u>, 276 So. 2d 505, 508 (Fla. App. 1973).  Accordingly, Himoinsa seeks discovery to establish that Power Link was "transacting business" in Florida.

**Discovery Requests**

Himoinsa requests 28 areas of discovery that are best characterized as a mixture of production requests and informal interrogatories.  The court will address the parties' general arguments before addressing the individual requests.[4]

**1. Relevance**

Power Link argues that the majority of the discovery requests should be denied because Himoinsa is engaged in a "fishing expedition."  Himoinsa counters that "discovery is to be granted liberally and it 'should ordinarily be allowed under the concept of relevance unless it is clear that the information can have no possible bearing on the subject matter of the action.'" Doc. 39, p. 3, relying on <u>Jones v. Boeing</u>, 163 F.R.D. 15, 16 (D. Kan. 1995). The problem with Himoinsa's argument and cited legal authority is that Rule 26 has been

---

[4]

The court's analysis has been hampered by the parties' shifting arguments and failure to present well developed arguments concerning the service of process issue.

amended since 1995 and the "scope of discovery" standard has been narrowed.[5]
Additionally, **all** discovery is subject to the limitations found in Rule 26(b)(2)(C) (e.g.,
cumulative, more convenient source, burden, expense, needs of the case). Himoinsa's
discovery requests should be analyzed under the current version of the federal rules of civil
procedure.

## 2. Geographical Scope

Power Link objects to discovery requests seeking information concerning Power
Link's business operations ***anywhere in the United States***. Because the issue of proper
service of process depends, in part, on whether Power Link was transacting business ***in
Florida when served***, Power Link argues that unlimited geographical discovery is
unnecessary and inappropriate. The court agrees and will limit discovery to Power Link's
business operations (if any) and conduct in Florida.

## 3. Temporal Scope of Discovery

Himoinsa seeks a temporal scope of discovery covering a period of time beginning
two years before the December 2008 trade show and extending to one year after the trade
show. Power Link argues that this is an unnecessarily broad period of time because Florida

---

[5]

  For example, the scope of discovery no longer automatically extends to "the
subject matter of the action." Under FRCP 26(b)(1), discovery is now limited to the
"claims" and "defenses" in the case. Discovery concerning "the subject matter" of the
action is permissible only by court order after a showing of "good cause."

interprets its service of process law as requiring evidence that Power Link was doing business in Florida *at the time the act giving rise to the lawsuit occurred*.  <u>See</u> <u>American Baseball Cap, Inc. v. Duzinski</u>, 308 So. 2d 639, 644-645 (Fla. 1st DCA 1975).  Power Link contends that evidence concerning business *after* the trade show is irrelevant to show that it was engaged in business during the trade show.

Power Link's view of relevance is too narrow.  For example, sales of generators to Florida customers immediately after the trade show would support the inference that Power Link was "transacting business" with customers during the Florida trade show.  However, the court agrees that a three year time period is unnecessarily broad.  According, the court will limit the temporal scope of discovery to six months before and after the December 2008 trade show.

### Specific Requests

**Category I**[6]

The five discovery requests listed in category I seek documents and information for the entire United States.  For example, topic (a) seeks a list of all U.S. parties with whom Power Link or its South American distributor have done business during a three year period.  Similarly, topic (d) seeks a copy of any service or maintenance agreement for Power Link equipment in the United States.  As discussed above, nationwide discovery is beyond the

---

[6]

Himoinsa divided the 28 topics into three categories.  The court address the three categories in the order argued by the parties.

geographical scope of discovery necessary to resolve whether Power Link was transacting business in Florida. Accordingly, Himoinsa's category I discovery requests are rejected.

**Category II**

Category II lists nine topics related to activities by Power Link or its South American Distributor in Florida during the relevant time period. Defendant agrees to provide the information requests in topics (a), (f), (g), and (i) under its control and custody and those topics need not be discussed further. The remaining topics from category II are described in greater detail below.

**Topic (b)**

Topic (b) requests a copy of the respective business card utilized at the trade show by employees of Power Link or Power Link's South American distributor. Power Link's objection that this request is redundant of an earlier request is rejected and discovery of the business cards shall be permitted. However, as with any production request, Power Link is only obligated to produce documents in its possession and/or control.

**Topic (c)**

Topic (c) seeks a list of all contracts entered into by Power Link or its distributor that are associated with the Florida trade show. Power Link objects to a portion of this request, arguing that contracts concerning the set-up and take-down of the trade show booth are

irrelevant. Himoinsa counters that contracts related to attendance and displays at the trade show may provide evidence concerning the authority Mr. Wang and Mr. Som exercised while representing Power Link in Florida. Because the authority of Mr. Wang and Mr. Som are issues in the case, the court is persuaded that Himoinsa has established relevance and discovery shall be permitted concerning the trade show contracts.

Topic (c) also covers "other" contracts entered into during the trade show by Power Link or its distributor. Power Link has not asserted a valid objection to the discovery of "other" contracts; therefore, discovery of "other" contracts shall also be permitted.

**Topics (d) and (e)**

Himoinsa seeks discovery of any business cards or any other contact information received by Power Link or its distributor during the trade show. Power Link objects to these requests, arguing that "sales contracts were either entered into or not during the trade show" and Himoinsa should not be allowed to discover prospective customers/dealers who contacted Power Link. Again, Power Link's view of relevance is too narrow. Power Link participated in a trade show in Florida and people who provided business cards to Power Link would be a source of evidence as to what Mr. Wang and Mr. Som actually did during the trade show. Moreover, contrary to Power Link's arguments, a formal sales contract is not the exclusive means of "transacting business." Accordingly, discovery concerning topics (d) and (e) shall be allowed. However, to avoid the disclosure of prospective customers to a competitor, the court requires that discovery responses to these topics be restricted to

Himoinsa's outside counsel.  Information concerning customer contracts from the Florida trade show shall not be disclosed to Himoinsa or any of its employees without further order of the court.

**Topic (h)**

Himoinsa seeks a copy of any correspondence or other tangible documents with any business in Florida related to any industrial power equipment for a three year period.  The court is satisfied that the requested information is relevant to the question of whether Power Link was transacting business in Florida during the relevant time frame; however, the time frame shall be limited to six months before and after the trade show.

**Category III**

**Topic (a)**

Topic (a) seeks an organizational chart for Power Link showing *any* U.S. affiliated entities associated with the sale or purchase of *any* industrial equipment.  This request is rejected because it is beyond the geographical and temporal scope of discovery established by the court.

**Topic (b)**

Topic (b) seeks the names, addresses, and phone numbers of all officers, directors, managers, and agents of Power Link at the time of the Florida trade show *or subsequent*

*thereto*.  The court will allow discovery of the name, title, address and phone number  of Power Link's officers, directors, and managers at the time of the Florida trade show.  The request for information "subsequent thereto" is rejected as unduly broad and unnecessary given the issues currently before the court.  Discovery concerning "agents" is also rejected because the term is overly board and unnecessary given the needs of the case.

## Topic (c)

Topic (c) requests any non-privileged correspondence or other tangible documents "by and between Power Link representatives and agents "at the trade show related to the trade show, or anything alleged in plaintiff's complaint."  Doc. 39, p. 8.  The court will allow discovery of correspondence and documents exchanged "by and between Power Link representatives and agents at the trade show related to the trade show" because the documents are reasonably calculated to show evidence of Mr. Wang and Mr. Som's authority and whether business was transacted during the trade show.  The request for "anything alleged in the complaint" is vague and beyond the scope of discovery necessary to resolve the service of process issue.

## Topic (d)

Topic (d) seeks a copy of all correspondence and documents by and between Power Link and Mr. Wang and Mr. Som during the trade show.  Discovery of this information shall be allowed because it will show their authority and whether business was transacted in

Florida during the trade show.

**Topic (e)**

Himoinsa requests the travel itineraries for all Power Link officers and directors traveling to the U. S. for a three year period. This request is rejected as beyond the temporal and geographical scope of discovery established by the court.

**Topic (f)**

Himoinsa also requests the travel itineraries for Mr. Wang and Mr. Som in the U.S. for a three year period. This request is rejected as beyond the temporal and geographical scope of discovery established by the court.

**Topic (g)**

Topic (g) seeks copies of all communications between Power Link and any associate, employee, agent, representative, contractor, officer, director or associated person located in the U.S. related to any sales of service of industrial equipment for a three year period. This request is rejected as beyond the temporal and geographical scope of discovery established by the court. The request for all communications concerning industrial equipment is also overly broad and an abusive discovery request.

**Topic (h)**

Topic (h) requests a copy of all contracts, invoices, purchase orders, bids, proposals, or other sales documents of any Power Link industrial equipment sold through, to or by Power Link's South American distributor. As drafted, the request is overly broad and beyond the geographical and temporal scope of discovery allowed by the court. However, Power Link agrees to provide any document that relates to any sales made in Florida destined for the U.S. With the exception of Power Link's proposal, all other discovery requested in Topic (h) is denied at this time.

**Topic (i)**

Topic (i) seeks copies of promotional and advertising materials sent to anyone who made contact with Power Link at the trade show. While this information may ultimately be relevant to the merits of Himoinsa's claims against Power Link, it is not clear how discovery of subsequently "sent" promotional materials shed light on whether Mr. Wang and Mr. Som were transacting business during the trade show when service of process was allegedly made. Accordingly Topic (i) is rejected at this time.

**Topic (j)**

Topic (j) seeks a copy of all marketing and advertising materials related to industrial equipment, including trade publications, websites, magazines, or newspapers in which Power Link's South American distributor has advertised or marketed industrial equipment. As a

preliminary matter, the wording of Himoinsa's request leaves much to be desired. However, the request is rejected because it is overly broad and exceeds the geographical and temporal scope of discovery established by the court.

**Topic (k)**

Topic (k) requests identification of all Power Link products imported into the U.S. *in connection with the Florida trade show.* This discovery request is granted because the requested information is relevant to the issue of whether Power Link transacted business in Florida during the trade show.

**Topic (l)**

Topic (l) seeks identification of all industrial equipment imported into the United States for a three year period. This request is overly broad and exceeds the temporal and geographical scope of discovery established by the court. Therefore, the request is rejected.[7]

**Topic (m)**

Topic (m) requests the identity of all sales representatives and sales managers working for Power Link in the U.S. Power Link agrees to provide this information as to persons in Florida but objects to nationwide discovery. The discovery concerning sales representatives

---

[7]

Equipment imported because of the Florida trade show is covered by Topic (k) and, as noted above, discovery is allowed for Topic (k).

and sales managers in Florida shall be allowed.  However, nationwide discovery is rejected.

**Topic (n)**

Topic (n) requests identification of all general managers, agents and representatives of Power Link at the Florida trade show.  Power Link objects to this request as redundant of the information requested by category II, topic (a).  The lack of common sense in presenting topic (n) as an issue for a court ruling is puzzling.  However, to resolve any lingering uncertainty, discovery concerning Topic (n) is allowed.

**IT IS THEREFORE ORDERED** that Himoinsa is allowed discovery concerning the topics set forth in this opinion.  Power Link shall produce the documents and provide the information requested on or before **June 25, 2010.**  Thereafter, Himoinsa shall file a supplemental brief concerning the issue of service of process on or before **July 16, 2010** and Power Link shall file its supplemental brief by **July 26, 2010.**  No additional briefs shall be filed concerning the motion to dismiss without further order of the court.

Dated at Wichita, Kansas this 2nd day of June 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge